UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Stephen Horn,

                Plaintiff,      Case No. 13-cv-14626

v.                                Judith E. Levy
                                  United States District Judge
Tuscola County and Officer
Ramirez,                      Mag. Judge Elizabeth A. Stafford

                Defendants.

_____/

**OPINION AND ORDER DENYING PLAINTIFF'S OBJECTIONS TO REPORT AND RECOMMENDATION [62], ADOPTING IN PART REPORT AND RECOMMENDATION [60], AND GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [56]**

On November 7, 2013, plaintiff Stephen Horn filed a complaint against defendants Tuscola County and Officer Jonathan Ramirez, alleging they violated his Eighth Amendment rights and were grossly negligent with regard to his medical needs on and after February 18, 2011. (Dkt. 1.)[1] On May 27, 2016, defendants filed a motion for summary

---

[1] Plaintiff also named several other defendants who were previously dismissed from the case.

judgment. (Dkt. 56.) On November 8, 2016, the Magistrate Judge issued a Report and Recommendation ("R&R") on defendants' motion for summary judgment, and recommended the motion be granted. (Dkt. 60.) On November 22, 2016, plaintiff filed objections to the R&R. (Dkt. 62.)

For the reasons set forth below, plaintiff's objections are denied, the Report and Recommendation is adopted in part, and defendants' motion for summary judgment is granted.

## I. Background

A detailed recitation of the background of this case is included in the Magistrate Judge's R&R (Dkt. 60), and will be adopted here. That said, this case results from plaintiff being given Ambien and Seroquel, two sleep medications, on February 18, 2011, even though they were not prescribed for him.

The Magistrate Judge recommended granting the motion for summary judgment. First, plaintiff was not entitled to an adverse inference for alleged spoliation of evidence. (Dkt. 60 at 6–8.) Second, there is no question of material fact that would demonstrate defendants violated plaintiff's Eighth Amendment rights due to deliberate indifference to his medical needs, and even if plaintiff could show

deliberate indifference, defendant Officer Ramirez is entitled to qualified immunity. As a result, the Magistrate Judge found that plaintiff could not maintain his municipal liability claim. (*Id.* at 8–13.) Finally, there is no dispute of material fact that would demonstrate Officer Ramirez was grossly negligent with respect to plaintiff's medical needs and safety. (*Id.* at 13–14.)

Plaintiff filed objections, arguing the Magistrate Judge erred in reaching each of the above-described recommended findings. (Dkt. 62.)

## II. Legal Standard

A magistrate judge's Report and Recommendation is made pursuant to 28 U.S.C. § 636(b)(1). "[T]his recommendation has no presumptive weight," and the district judge "has the responsibility of making the final determination." *Patrick Collins, Inc. v. John Does 1-21*, 286 F.R.D. 319, 320 (E.D. Mich. 2012). If a party objects to part or all of the R&R, the district judge must review *de novo* those parts to which the party has objected. *Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002); Fed. R. Civ. P. 72(b)(3). *De novo* review "entails at least a review of the evidence that faced the Magistrate Judge." *Lardie*, 221 F.

3

Supp. 2d at 807. After reviewing an R&R, a court may "accept, reject, or modify the findings or recommendations." *Id.*

### III. Analysis

Plaintiff objects to each of the Magistrate Judge's recommendations, except the finding that plaintiff need not prove he exhausted the administrative remedies, and this Court will therefore conduct a de novo review of the evidence and arguments before the Magistrate Judge.

### *Objection 1: Eighth Amendment Claim*

Plaintiff first objects to the recommended finding that there are no questions of material fact with regard to the objective or subjective elements of the deliberate indifference inquiry. (Dkt. 62 at 8–9.)

Under the Eighth Amendment, inmates have a right to adequate medical care for their serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 103–05 (1976). Courts use a mixed objective and subjective standard to determine the existence of deliberate indifference. *Miller v. Calhoun County*, 408 F.3d 803, 812 (6th Cir. 2005). The objective component "requires the existence of a 'sufficiently serious' medical need." *Id.* (quoting *Blackmore v. Kalamazoo County*, 390 F.3d 890, 895 (6th Cir.

4

2004)). To show that a sufficiently serious medical need exists, a plaintiff must demonstrate that he "is incarcerated under conditions imposing a substantial risk of serious harm." *Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). To establish a defendant acted with subjective deliberate indifference, plaintiff must "allege facts which, if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk." *Harris v. City of Circleville*, 583 F.3d 356, 368 (6th Cir. 2009).

Plaintiff alleges Officer Ramirez did not check the label on the medication despite knowing that giving plaintiff incorrect medication posed a substantial risk of serious harm. (Dkt. 62 at 16–18.) But the facts reveal the opposite, and plaintiff's reliance on *Thomas v. Wall*, No. 16-cv-116, 2016 WL 3006834 (W.D. Wis. May 23, 2016), is misplaced. The *Thomas* court held the plaintiff had stated a claim for deliberate indifference because the officer dispensing medication made no effort to verify the medication was correct on multiple occasions and had been informed on multiple occasions that the inmates were receiving the improper medication. *Id.* at *1. Here, plaintiff was given the incorrect

5

medication once, and Officer Ramirez took steps to respond to the error by consulting the treating physician, Dr. Cullinan. Further, even if this conduct raises a question of fact as to whether plaintiff has set forth a serious medical need that imposed a substantial risk of harm, plaintiff has not satisfied the subjective prong of the analysis.

Plaintiff has not submitted evidence that suggests Officer Ramirez was more than negligent when he gave plaintiff the incorrect medication. First, as plaintiff states, Officer Ramirez and plaintiff discussed whether plaintiff was being given the incorrect medication, and "Officer Ramirez again confirmed to Plaintiff that the medication was, in fact, correct." (Dkt. 47 at 4.) After Officer Ramirez realized his error, he consulted with the treating physician, Dr. Cullinan, who told him plaintiff would be fine, did not need to be observed, and should be given the correct medication. Officer Ramirez followed Dr. Cullinan's directions. His actions do not evidence a culpable state of mind or intent to punish plaintiff.

At most, giving plaintiff the incorrect medication amounts to negligence. And without more than negligence, "incorrect administration of [medication]" cannot satisfy the subjective standard for an Eighth Amendment claim. *Barnett v. Luttrell*, 414 F. App'x 784, 788 (6th Cir.

6

2011); *see also Jones v. Miller*, Case No. 12-cv-2666, 2013 WL 1195525, at *3 (N.D. Ohio Mar. 22, 2013) (subjective standard not met and therefore no deliberate indifference even though nurse gave plaintiff wrong medication without verifying plaintiff's identity); *Hay v. Cuyahoga Cty. Jail Med. Dep't*, Case No. 11-cv-2652, 2012 WL 262582, at *4 (N.D. Ohio Jan. 27, 2012) (same).

Moreover, plaintiff's allegations do not focus solely on whether Officer Ramirez checked the label, but on Officer Ramirez's failure to "contact his supervisor or any jail medical personnel despite knowing that Plaintiff had digested, at Officer Ramirez's direction, improper medication." (Dkt. 47 at 5.)  Plaintiff appears to admit, however, that Officer Ramirez did, in fact, contact Dr. Cullinan, who informed him that "he should be tickled to receive those and that he would be fine," and that "no observation was needed." (Dkt. 56-4 at 8; Dkt. 56-8 at 2.)  Contrary to plaintiff's argument that Dr. Cullinen's comments suggest plaintiff would "get high, so who cares" (Dkt. 62 at 17), the comments clearly indicate Officer Ramirez was informed plaintiff "would be fine."

Plaintiff also argues that defendants' unsworn expert report raises questions of material fact as to proximate cause, and that he should also

7

be permitted to undertake expert discovery to establish that the two sleep medications can have serious consequences when initially taken. Fed. R. Civ. P. 56(d) permits the nonmoving party facing a pending motion for summary judgment to file an affidavit or declaration in opposition to the motion on the grounds that it cannot provide certain facts critical to its arguments for specific reasons, and to request additional time for discovery to obtain those facts. Here, plaintiff has not submitted a Rule 56(d) declaration to oppose this motion for summary judgment and to request additional discovery. Instead, plaintiff (who is represented by counsel) provided the package inserts for the two medications, suggesting they provide admissible evidence sufficient to raise a material question of fact regarding whether the medication created a serious medical condition that caused his injury or warranted observation. But these inserts cannot substitute for a Rule 56(d) affidavit, and will not prevent the Court from granting defendant's motion.

Further, expert discovery would not assist plaintiff in this case because, as set forth above, plaintiff cannot satisfy the subjective prong of the deliberate indifference standard. Thus, the issue of proximate cause need not be reached. Further, whether plaintiff's condition

8

warranted observation was not a decision for Officer Ramirez to make, but for the treating physician, as Officer Ramirez is not trained or expected to be trained in making such decisions. Here, Officer Ramirez followed Dr. Cullinan's instructions, and the question of whether plaintiff should have been observed is not relevant to Officer Ramirez's liability.

In sum, there is no more than a scintilla of evidence to support plaintiff's claim that he has satisfied the subjective prong of the deliberate indifference standard. And "a mere 'scintilla' of evidence in support of the nonmoving party's position is insufficient to defeat summary judgment; rather, the non-moving party must present evidence upon which a reasonable jury could find in [his] favor." *O'Donnell v. City of Cleveland*, 838 F.3d 718, 724 (6th Cir. 2016) (quoting *Tingle v. Arbors at Hilliard*, 692 F.3d 523, 529 (6th Cir. 2012)). Defendant is therefore entitled to summary judgment on this claim. Accordingly, plaintiff's objection to the Magistrate Judge's recommendations as to the Eighth Amendment claim is denied. The R&R is adopted in part as to the discussion of the subjective standard of deliberate indifference, and defendants' motion for summary judgment on this claim is granted.

9

### *Objection 2: Qualified Immunity*

Because plaintiff's first objection regarding his Eighth Amendment claim is denied and the Court adopts part of the R&R addressing the Eighth Amendment claim, the Court need not address the issue of qualified immunity. Accordingly, plaintiff's objection is denied as moot, and this portion of the R&R is not adopted.

### *Objection 3: Gross Negligence Claim*

Plaintiff objects to the R&R on the ground that there is a dispute of material fact with regard to whether Officer Ramirez acted with gross negligence. (Dkt. 62 at 20–21.)

To demonstrate gross negligence, a plaintiff must show the government employee's conduct was "so reckless as to demonstrate a substantial lack of concern for whether an injury results." *Tarlea v. Crabtree*, 263 Mich. App. 80, 90 (2004). "Simply alleging that an actor could have done more is insufficient under Michigan law, because, with the benefit of hindsight, a claim can always be made that extra precautions could have influenced the result." *Id*. Rather, gross negligence "suggests . . . almost a willful disregard of precautions or measures to attend to safety and a singular disregard for substantial

risks." *Id.* In other words, "if an objective observer watched the actor, he could conclude, reasonably, that the actor simply did not care about the safety or welfare of those in his charge." *Id.*

Here, plaintiff argues there is a genuine dispute of material fact as to whether Officer Ramirez's failure to check the label, failure to monitor plaintiff, and failure to inform plaintiff of the effects of the medication amount to gross negligence. (Dkt. 62 at 20.) As set forth above, plaintiff's evidence suggests, at most, ordinary negligence on the part of Officer Ramirez. After learning the medication was incorrect, he consulted Dr. Cullinan, who told him plaintiff would be fine, need not be observed, and should be given the correct medication. Officer Ramirez followed these instructions. These actions do not suggest more than ordinary negligence, and an objective observer would not reasonably conclude Officer Ramirez acted without care for plaintiff's safety and welfare. Accordingly, plaintiff's objection is denied, the part of the R&R on gross negligence is adopted, and defendants' motion for summary judgment on this claim is granted.

### *Objection 4: Spoliation of Evidence Claim*

Plaintiff objects to the R&R's finding that he is not entitled to a discovery sanction in the form of an adverse inference for defendants' alleged destruction of the video of plaintiff's fall the day after taking the incorrect medication. (Dkt. 62 at 21–22.)

Under Fed. R. Civ. P. 37(e), if a party fails to preserve electronically stored information "that should have been preserved in anticipation or conduct of litigation . . . because a party failed to take reasonable steps to preserve it," the court may "upon finding that the party acted with the intent to deprive another party of the information's use in the litigation . . . presume that the lost information was unfavorable to the party." "[A]n adverse inference for evidence spoliation is appropriate if the Defendants '"knew the evidence was relevant to some issue at trial and . . . [their culpable] conduct resulted in its loss of destruction."'" *Beaven v. U.S. Dep't of Justice*, 622 F.3d 540, 553 (6th Cir. 2010).

"The culpable state of mind factor is satisfied by a showing that the evidence was destroyed knowingly, even if without intent to breach a duty to preserve it, or negligently." *Id.* at 554 (internal quotations and citations omitted). There must also be an obligation to preserve evidence,

which may arise "when a party should have known that the evidence may be relevant to future litigation." *Id.* at 553. If a party has "no notice of pending litigation, the destruction of evidence does not point to consciousness of a weak case and intentional destruction." *Id.* (internal quotations and citations omitted).

The Court need not decide this issue because the adverse inference plaintiff seeks would not impact the outcome of this case, which relates to whether giving him the incorrect medication and failing to observe him after he ingested it amounts to deliberate indifference or gross negligence. Plaintiff argues that the video would show his fall allegedly caused by being given the wrong medication and at what time the fall occurred. However, the manner in which the medication affected him is not determinative of either claim, and therefore not relevant to defendants' liability. Accordingly, plaintiff's objection to the R&R's finding that no adverse inference is warranted is denied. Because the Court's analysis of the spoliation issue diverges from that in the R&R, which found defendants did not act with intent to deprive plaintiff of the evidence and did not prejudice him, this section of the R&R is not adopted.

13

### *Objection 5: Municipal Liability Claim*

Plaintiff objects to the R&R's finding that defendants are entitled to summary judgment on the municipal liability claim. (Dkt. 62 at 26–27.)

Municipalities may be liable for an employee's conduct if the "challenged conduct occurs pursuant to a municipality's 'official policy,'" and that policy caused the employee to violate a plaintiff's constitutional rights. *D'Ambrosio v. Marino*, 747 F.3d 378, 386 (6th Cir. 2014) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 693 (1978)). As set forth above, plaintiff has not established that Officer Ramirez violated his constitutional rights. Defendant Tuscola County therefore cannot be held liable because no official policy or custom can be said to have caused Officer Ramirez to violate plaintiff's constitutional rights. Accordingly, plaintiff's objection to the R&R's finding that defendant Tuscola County cannot be held liable is denied. This part of the R&R is adopted, and defendant's motion for summary judgment on this claim is granted.

## IV. Conclusion

For the reasons set forth above, plaintiff's objections on all counts except qualified immunity are DENIED, and the objection to the findings on qualified immunity (Dkt. 62) are DENIED AS MOOT.

The report and recommendation (Dkt. 60) is ADOPTED IN PART as to all issues except (1) qualified immunity, (2) the findings regarding whether plaintiff has satisfied the objective standard for deliberate indifference, and (3) the analysis of the spoliation claim.

Defendants' motion for summary judgment (Dkt. 56) is GRANTED.

IT IS SO ORDERED.

Dated: March 27, 2017         s/Judith E. Levy
Ann Arbor, Michigan           JUDITH E. LEVY
                              United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 27, 2017.

                              s/Felicia M. Moses
                              FELICIA M. MOSES
                              Case Manager